■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL HAYWARD, Appellant, v EDWARD J. O'MARA, as Superintendent of Wallkill Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered July 27, 1976 in Ulster County, which denied petitioner's application for a writ of habeas corpus, without a hearing. On

August 29, 1975, after a guilty plea to robbery, third degree, petitioner was sentenced to an indeterminate term of imprisonment of two to four years. After spending 15 months, 15 days (470 days) in jail confinement he was delivered to a facility under the jurisdiction of the New York State Department of Correctional Services on September 11, 1975. On February 11, 1976 the department certified that (1) petitioner be credited with 470 days of jail time, that (2) his maximum release date was May 25, 1978, that (3) he had tentative good time credits of one year, and (4) his tentative conditional release date was January 25, 1977.* In his application for a writ of habeas corpus petitioner alleges he is being illegally detained since his good behavior time has been improperly computed in determining the date of his eligibility for a conditional release under section 70.40 (subd 1; par [b]) of the Penal Law. Since petitioner acknowledges in his application a credit of 15½ months jail time against his maximum term of four years and, in his brief, the tentative credit of 16 months of good behavior time, fixing a tentative conditional release date of January 25, 1977, the application was properly dismissed without a hearing, it clearly appearing that he was not being "illegally detained" (CPLR 7003, subd [a]). Both section 70.30 (subd 4, par [a]) of the Penal Law and subdivision 1 of section 803 of the Correction Law provide that good behavior allowances are not to exceed one third of the maximum term. Defendant was credited with the maximum amount of good behavior time permitted by law. Defendant was also credited with the 15½ months (470 days) of jail time against the second year of his two-year minimum sentence as required by subdivision 3 of section 70.30 of the Penal Law. Accordingly, the minimum time ended on September 11, 1976, one year from the September 11, 1975 commencement of the sentence. This is confirmed by the fact that on August 11, 1976 the Board of Parole held a hearing pursuant to section 212 of the Correction Law to determine if the defendant should be paroled after serving only one year of the minimum sentence of two years. Parole denial does not entitle one to release until the unserved portion of the maximum sentence equals his total jail time and good behavior allowance. In this case the sum of defendant's jail time (15½ months) and good behavior allowance (16 months) was five months *less* than the unserved portion of his maximum sentence. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.

---

* Matter not moot since parole was denied on August 11, 1976 and another hearing set for March, 1977.